AMERICAN SAMOA GOVERNMENT

v.

RAYMOND DOLE, Defendant

High Court of American Samoa
Trial Division

CR. NO. 48-86

October 10, 1986

Before MURPHY, Associate Justice.

Counsel: For the Government, William Wallace,
          Assistant Attorney General
      For the Defendant, Michael Bennett,
          Assistant Public Defender

On June 2, 1986 this Court sentenced the above named defendant for burglary of the United States Post Office in this Territory. The court ordered probation of sentence on the condition that Defendant conduct himself as a law abiding citizen. The Court further ordered Defendant to jail for a period of one year.

Defendant now appears before us convicted of a burglary of the Burns Philp Store on June 14, 1986.

One might ask "How can this happen? How can a person sent to jail for one year commit a burglary less than two weeks later?"

The answer is simply that the Department of Public Safety ignored the Court's order and for reasons known only to itself, released the Defendant.

To make matters worse the following scenario has occurred. The Defendant once again appeared before this Court for sentencing on the Burns Philp crime. The Court sentenced the Defendant to five years imprisonment. We also revoked his probation on the Post Office crime and imposed a five year sentence. Defendant has now been sentenced to a total of ten years imprisonment. He now at last is in jail; right? Wrong.

According to papers filed by the Attorney General's office, the Defendant was seen at liberty on the very afternoon of his last sentencing.[1] Defendant perhaps has friends (or relatives) in high places.

Our system of government is supposed to operate something like this: The Legislature passes laws making certain acts criminal. When those laws are violated the Executive prosecutes. If convicted the Judiciary sentences. Since neither the Legislatures nor the Judiciary have jails, the Defendant is remanded to the Executive for execution of the sentence. When the Executive refuses to follow the sentence, the system collapses. True, the Legislature has granted the Executive powers of pardon and parole. These powers are closely defined in Chapter 27 Title 46, A.S.C.A. They do not give the Executive carte blanche to ignore court orders and sentences or to ignore statutes duly enacted by the Legislature.

The people of this Territory are entitled to governmental protection from convicted criminals. What can be done when the Department of Public Safety simply decides to turn loose a convict contrary to his sentence or statutory eligibility for parole? There seems to be very little judicial precedent for this situation. Prisoner's rights cases usually get before the Courts when the Executive is allegedly mistreating a convict. When the Executive decides to refrain from carrying out an order of imprisonment, naturally the Defendant will not complain. Both the Office of the Attorney General and Department of Public Safety are creatures of the Executive. It seems anomalous that the Attorney General prosecutes and asks for a

---

[1] A newspaper account of this incident gave as explanation a statement by the Warden that he "had not received a written sentence." In fact a written sentence was entered last June and has been steadfastly ignored!

64

sentence, and when the Court imposes the sentence the Department of Public Safety decides to ignore it. It doesn't help to call the release a furlough, a work release (this Defendant has no job), reward for good behavior, Compassionate leave, etc. The point is, the Executive is mandated to carry out the directions of the Legislature and the Judiciary. When it refuses to do so our form of government becomes a mockery.

The scenario above described is not without humor. But when a victim of a rape, robbery or burglary or the relatives of a homicide victim see the criminal enjoying his freedom a short time after sentencing it really is not funny at all.

Admittedly, as anyone who lives here knows, many facets of our government are quaint, colorful and don't work very well. To reduce the criminal justice system of American Samoa to the level of make-believe must be very discouraging to the police and prosecutor. It certainly is to the author of this opinion.